GULFPORT FARM & PASTURE COMPANY *v.* HANCOCK BANK

No. 40588 December 9, 1957 98 So. 2d 862

*Edward I. Jones,* Bay St. Louis, *Morse & Morse,* Poplarville, for appellant.

*George R. Smith, Morse & Morse,* Gulfport: *Dan M. Russell, Jr.,* Bay St. Louis, for appellee.

GILLESPIE, J.

A predecessor in title to appellant, who was complainant below, encumbered the subject lands with a deed of trust which was assigned to appellee, who was defendant below. The lands then passed to the ownership of appellant subject to the lien of the deed of trust held by appellee. The note secured by the deed of trust became past due and appellee executed and filed of record an instrument substituting L. M. Gex as trustee instead of Leo W. Seal, named in the deed of trust, although there was no authority for such substitution in the deed of trust. Gex, as substituted trustee, attempted to foreclose the deed of trust, and appellee became the purchaser at the sale. Gex, as such purported substituted trustee, executed a trustee's deed to appellee, dated July 6, 1931; after which time appellee took possession of the lands, caused the same to be assessed to appellee, and paid taxes thereon thereafter. Such possession, sufficient to meet the requirements of Section 718, Mississippi Code of 1942, as a mortgagee in possession after condition broken, continued for more than 24 years before this suit was brought by appellant to redeem said lands.

Appellee's answer included five affirmative defenses. The third affirmative defense was based on the statute of limitations as provided by Section 718, Mississippi Code of 1942, and the fourth affirmative defense was the ten-year statute of adverse possession. By consent of all parties, the cause was set for separate hearing on the third affirmative defense and upon its sufficiency in law and upon the facts, and upon such hearing the proof sustained appellee's contention, as already stated. The chancellor found that the third affirmative defense went to the entire cause of action and dismissed appellant's suit.

Appellant contends that the third affirmative defense based on the statute of limitation provided by Section 718 of the Code of 1942 was insufficient at law because

the foreclosure sale under which appellee entered into possession was invalid (which is conceded); that Section 888, Mississippi Code of 1942, prescribes the method of sales under deeds of trust, and that section provides in the last sentence, "An error in the mode of sale such as makes the sale void will not be cured by any statute of limitations, except as to the ten-year statute of adverse possession." Appellant then proceeds to contend that Section 888 of the Code of 1942 is the applicable statute, and that appellee, who chose to limit the separate hearing to the defense based on Section 718 of the Code of 1942 was not entitled to rely on that statute of limitation, but that appellee was limited to the general statute of adverse possession, Section 711 of the Code of 1942.

■■ The three statutes just referred to must be construed together in such manner, if possible, as to harmonize and reconcile these statutes. 50 Am. Jur., Statutes, Section 363. ■■ We do not think it was intended by the last sentence of Section 888 to limit or restrict the right of a mortgagee in possession to rely on the provisions of Section 718. Appellee took possession after condition of the deed of trust was broken and remained in possession for the full statutory period provided in Section 718, which is a ten-year period. The general statute of adverse possession is also a ten-year statute. Appellee had a right to rely on either Section 718 or Section 711, or both. Appellee chose to plead both, but relied on only Section 718 in the separate hearing, which in some respects is more favorable to the adverse claimant than Section 711.

We hold appellee had a right to rely on Section 718 and that its defense established thereunder went to the entire case.

No other question justifying discussion is raised.

Affirmed.

ROBERDS, *P. J.*, and *Hall, Kyle* and *Holmes, JJ.*, concur.